ELLIOT N. YARMON et al., Doing Business as BLACK & YARMON, Plaintiffs, *v.* S. A. BIAS BINDING MANUFACTURERS, LTD., Defendant.

Supreme Court, Trial Term, New York County, November 17, 1948.

*Sidney Salant* for plaintiffs.

*Appleton, Rice & Perrin* for J. A. Ewing & McDonald, Inc., claimant.

*Sidney Posner* for Sheriff of the City of New York.

STEUER, J. The sequence of events upon this action follows: On May 4, 1948, the defendant, a firm in South Africa, placed an order with sales agents in South Africa for Cohn-Hall-Marx, Inc., a company with its offices in New York. The order was for 25,000 yards of pocketing material. At the same time defendant retained a forwarding concern in South Africa in regard to the purchase. The latter concern notified its subsidiary in New York. This subsidiary is the claimant. Cohn-Hall-Marx, the manufacturer, prepared a contract and sent the original to the defendant. At the same time it sent a copy to the claimant together with a form of guaranty of payment. Claimant confirmed the order and signed and returned the guarantee which bound them to payment for the merchandise upon delivery. The manufacturer shipped the merchandise to New York and sent the railroad bill of lading to the claimant. On July 28th it sent an invoice to the claimant, " net 10 days " which invoice stated that the goods were sold to defendant. Meanwhile the plaintiffs had obtained a warrant of attachment against the defendant and on August 3d the sheriff levied on the goods. On August 7th the claimant paid the manufacturer's invoice. Claimant seeks pursuant to section 924 of the Civil Practice Act to have the levy of the sheriff vacated.

Under these facts, if the payment by the claimant had been made prior to the attachment, there is no doubt but that it would be entitled to the relief it seeks. It was established that claimant advanced its own funds for the payment and intended to ship the merchandise to South Africa where it would be presented to the defendant for payment against the ocean bill of lading plus claimant's fees for its services. That payment under such circumstances gives the payor some rights to the merchandise cannot be disputed. The name of the right has been variously asserted (see 2 Williston on Sales [Rev. ed., 1948], p. 166) but that it is a title which allows him to retain the goods as security is established. (*Farmers & Mechanics' Nat. Bank* v. *Logan,* 74 N. Y. 568.) It is further clear that such a title is sufficient under section 924 of the Civil Practice Act (*Spinney* v. *Thurber,* 33 Hun 448, affd. 102 N. Y. 652).

The question arises whether the situation is any different where the attachment occurs after the forwarding agent has pledged his credit to pay for the goods but before he actually does so. Claimant's right is in the nature of a lien. If the lien accrues upon the pledge of credit it antedates and is superior to the attachment; if upon payment, it is subject to the attaching creditor's rights. On such an issue the dictates of precedent are particularly persuasive. In *Moors* v. *Kidder* (106 N. Y. 32) the statement is flatly made that an advance of " money or credit " together with the other facts established the property in the goods. It appears from the report in that case that the commercial correspondent accepted bills of exchange drawn on it by the sellers prior to the time that rights of a third party arose in connection with the goods, but it does not appear whether these bills were paid. So that a pledge of credit in connection with the particular merchandise was held to be the act giving rise to the property rights.

It may be pointed out that a distinction exists between this and the case referred to in that here the claimant was only a guarantor for the defendant's payment. It is true this is the form the transaction took or rather the designation given it by the parties. A reference to the authorities will, however, reveal that any description of relationship by the parties has been ignored by the courts. Here the transaction proved is one that gave claimant a title in the goods superior to that of an attachment creditor of the defendant. Verdict directed for **claimant.**